UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

ROSEMARIE MOHAMMED,

    Plaintiff,

vs.

HILTON WORLDWIDE HOLDINGS, INC., RLJ LODGING TRUST, L.P., and RLJ III-HA WEST PALM BEACH AIRPORT LESSEE,

    Defendants.
_____/

## COMPLAINT

"We don't want your kind here." These horrific, stinging words have been used to terrify, subjugate, and suppress minorities for far too long. Sadly, these were the words used by the Hampton Inn to explain why Rosemarie Mohammed had to leave the hotel. There is no mistaking that Rosemarie's last name leads people to assume she is Muslim and/or Arab. Due solely to her last name, skin tone, and external features, the Hampton Inn West Palm Beach Central Airport forced Rosemarie and her baby to leave.

And so, Rosemarie Mohammed sues the Defendants and alleges:

## JURISDICTION

1.    This action is brought pursuant to Section 1981 of the Civil Rights Act of 1866, 42 U.S.C. § 1981, *et seq.*, as amended and 42 U.S.C. § 2000, *et seq.*

2.    Jurisdiction of this Court arises under 28 U.S.C. § 1331 because the Complaint alleges a federal claim and requires the resolution of substantial questions of federal law.

3.    Venue in this District is proper under 28 U.S.C. § 1391 because a substantial part of the events and omissions complained of took place in this District.

**Rodal Law, P.A.**
5300 N.W. 33rd Ave., Suite 219 ● Fort Lauderdale, Florida 33309 ● Telephone (954) 367-5308 ● Facsimile (954) 900-1208
www.Rodallaw.com

2 | P a g e

## PARTIES

4. At all times relevant, Rosemarie is a citizen of New York, and over the age of 18.

5. HILTON WORLDWIDE HOLDINGS, INC. ("Hilton") is a Delaware corporation with its principal place of business and headquarters in Wilmington, Delaware.

6. RLJ LODGING TRUST, L.P., is a Delaware corporation with its principal place of business and headquarters in Bethesda, Maryland.

7. RLJ III-HA WEST PALM BEACH AIRPORT LESSEE, LLC, is a Delaware corporation with its principal place of business and headquarters in Bethesda, Maryland.

8. Upon information and belief, RLJ LODGING TRUST, L.P. is the parent company of RLJ III-HA WEST PALM BEACH AIRPORT LESSEE, LLC.

9. RLJ LODGING TRUST, L.P. and RLJ III-HA WEST PALM BEACH AIRPORT LESSEE, LLC are collectively referred to as the "RLJ Defendants."

10. The Hampton Inn is a 105-room hotel located at 1601 Worthington Road, West Palm Beach, in Palm Beach County, Florida.

11. The Hampton Inn is managed and supervised by the Hilton and was owned by the RLJ Defendants at the time of the incident described below.

12. RLJ III-HA WEST PALM BEACH AIRPORT LESSEE, LLC was the recorded owner of the Hampton Inn in January 2019.

13. In June 2019, BCORE Select Raven 1 LLC purchased the Hampton Inn for $9.6 million from the RLJ Defendants.

14. When appropriate, the Hilton and the RLJ Defendants are collectively referred to as the "The Hampton Inn."

## GENERAL ALLEGATIONS

15. Rosemarie's last name and skin tone made the Hampton Inn, as well as the public

2 | P a g e

**Rodal Law, P.A.**
5300 N.W. 33rd Ave., Suite 219 ● Fort Lauderdale, Florida 33309 ● Telephone (954) 367-5308 ● Facsimile (954) 900-1208
www.Rodallaw.com

at-large, believe that she was Muslim and/or Arab.

16. On information and belief, and at all times material hereto, the Hampton Inn believed that Rosemarie was Muslim and/or Arab.

17. The name Mohammed is perhaps the most common Muslim name in the world and is the name most closely associated with the Muslim religion and Arabs in general.

18. After returning from a fun-filled trip at Walt Disney World Resort, on Thursday, January 3, 2019, Rosemarie and her 1-year old daughter checked in to the Hampton Inn and settled in their room excited to spend precious mother-daughter time together.

19. Rosemarie's flight back to New York was booked for January 5, 2019, which gave her two days in South Florida to visit with family. Rosemarie was to stay in the Hampton Inn for two nights before her flight home.

20. During the afternoon of Friday, January 4, 2019, Rosemarie and her baby headed out to a children's play space to enjoy their time together.

21. While in the children's play place, Rosemarie received a call that she needed to vacate her room.

22. Rosemarie was in disbelief and kept asking why she needed to leave but was not provided a satisfactory reason.

23. Finally, a female Hampton Inn employee blurted out: "we don't want your kind here" and hung up the phone.

24. Rosemarie—shocked, hurt and humiliated, composed herself and called the Hampton Inn back and spoke with the male employee who answered. Rosemarie explained that she was a Hilton Honors member for over 20 years and that she would pay extra to stay in the same room, if that was the issue. Rosemarie also offered to move to a different room if the issue was that her specific room had been reserved for that night.

Rodal Law, P.A.
5300 N.W. 33rd Ave., Suite 219 ● Fort Lauderdale, Florida 33309 ● Telephone (954) 367-5308 ● Facsimile (954) 900-1208
www.Rodallaw.com

25. The man responded by telling Rosemarie that if she didn't remove her clothes and belongings in the next short while, the Hampton Inn would place her clothes and belongings in the hallway.

26. Rosemarie returned to the hotel with family members as she was too scared to return alone. She tried speaking to additional employees but was told that "the decision had been made."

27. Rosemarie called the Hilton corporate offices desperate for some assistance but was merely told they could help her find a room at a different hotel.

28. The only relevant thing different about Rosemarie from all of the other guests at the hotel was that Rosemarie was the only hotel guest of dark complexion who had a last name that sounded Muslim and/or Arab.

29. None of the white and non-Muslim guests at the Hampton Inn were treated the way Rosemarie was.

30. The Hampton Inn was not fully booked that day and the room should have been available for Rosemarie to complete her stay.

31. All conditions precedent to the filing of this action have occurred.

*COUNT I*
**VIOLATION OF § 1981**
*(Rosemarie against the Hilton and the RLJ Defendants)*

32. Rosemarie repeats, realleges and incorporates by reference paragraphs 1-31 as though fully stated herein.

33. "The elements of a cause of action under § 1981 are (1) that the plaintiff is a member of a racial minority; (2) that the defendant intended to discriminate on the basis of race;

4 | P a g e

**Rodal Law, P.A.**
5300 N.W. 33rd Ave., Suite 219 ● Fort Lauderdale, Florida 33309 ● Telephone (954) 367-5308 ● Facsimile (954) 900-1208
www.Rodallaw.com

and (3) that the discrimination concerned one or more of the activities enumerated in the statute."[1]

34. The Hampton Inn perceived Rosemarie to be of Arabic descent—a "racial minority" as the term has been construed by the Supreme Court and Eleventh Circuit within the context of § 1981.

35. At all times material, the Hampton Inn intentionally discriminated against Rosemarie because she was of Arabic Descent. As stated above, the Hampton Inn wrongfully prohibited Rosemarie from finishing up the vacation she had paid for.

36. The Hampton Inn, by canceling Rosemarie's reservation, wrongfully denied Rosemarie the right to make and enforce a contract under which she had rights.

37. Rosemarie had an absolute unqualified right to be treated equally by the Hampton Inn and not be intentionally discriminated against because she was Arab. In so doing, the Hampton Inn denied Rosemarie her right to make and enforce contracts on the same terms as enjoyed by white persons in violation of 42 U.S.C. § 1981.

38. The Hilton and the RLJ Defendants are liable for the actions of their employees under the doctrine of *respondeat superior.*

39. As a direct and proximate result of the discriminatory conduct of the Hampton Inn, Rosemarie has suffered personal humiliation, loss of capacity for the enjoyment of life, mental anguish, and embarrassment justifying an award of compensatory damages and punitive damages, according to proof, from the Hampton Inn.

40. As a result of the deprivation of rights at the hands of the Hampton Inn, Rosemarie has retained Rodal Law, P.A., and has agreed to pay Rodal Law, P.A. a reasonable fee. Rosemarie is entitled to recover these reasonable fees from the Hampton Inn pursuant to 42 U.S.C. § 1988(b)

---

[1] *Kinnon v. Arcoub, Gopman & Assocs., Inc.*, 490 F.3d 886, 891 (11th Cir. 2007) (internal quotation marks omitted).

Rodal Law, P.A.
5300 N.W. 33rd Ave., Suite 219 ● Fort Lauderdale, Florida 33309 ● Telephone (954) 367-5308 ● Facsimile (954) 900-1208
www.Rodallaw.com

and otherwise by law.

**WHEREFORE**, Plaintiff ROSEMARIE MOHAMMED, demands judgment against HILTON WORLDWIDE HOLDINGS, INC., RLJ LODGING TRUST, L.P., and RLJ III-HA WEST PALM BEACH AIRPORT LESSEE, LLC for the above damages, attorney's fees and costs pursuant to 42 U.S.C. 1988(b) and for such further relief as this Court deems just and equitable.

### COUNT II
### VIOLATION OF 42 U.S.C. §2000a
*(Rosemarie against the Hilton and the RLJ Defendants)*

41. Rosemarie repeats, realleges and incorporates by reference paragraphs 1-31 as though fully stated herein.

42. Plaintiffs pleads this count in the alternative as permitted by Fed. R. Civ. P. 8.

43. The Hampton Inn is a hotel and qualifies as a "place of public accommodation" within the meaning of 42 U.S.C. § 2000a.

44. The operations of The Hampton Inn affect commerce within the meaning of 42 U.S.C. § 2000a. This hotel advertises nationally, provides online booking options to potential guests throughout the United States, and offers transient accommodations for travelers in South Florida, and as such, impacts interstate commerce.

45. At all times material, the Hampton Inn intentionally discriminated against Rosemarie because of her Muslim religion. As stated above, the Hampton Inn wrongfully prohibited Rosemarie from finishing up the vacation she had paid for.

46. But for The Hampton Inn's discriminatory practices described above, Rosemarie could, and would have finished her stay at the Hampton Inn.

47. The Hilton and the RLJ Defendants are liable for the actions of their employees under the doctrine of *respondeat superior*.

48. Plaintiff attempted to avail herself of the full benefits and enjoyment of a public

6 | P a g e

**Rodal Law, P.A.**
5300 N.W. 33rd Ave., Suite 219 ● Fort Lauderdale, Florida 33309 ● Telephone (954) 367-5308 ● Facsimile (954) 900-1208
www.Rodallaw.com

accommodation, but the Hampton Inn denied her the full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations of a public accommodation because she is Muslim, in violation of 42 U.S.C. § 2000a.

49. The conduct of Defendant constitutes a pattern or practice of resistance to the full and equal enjoyment by Muslim persons of rights secured by 42 U.S.C. § 2000a et seq., and the pattern or practice is of such a nature and is intended to deny the full exercise of such rights.

**WHEREFORE**, Plaintiff ROSEMARIE MOHAMMED, demands judgment against HILTON WORLDWIDE HOLDINGS, INC., RLJ LODGING TRUST, L.P., and RLJ III-HA WEST PALM BEACH AIRPORT LESSEE, LLC for the above damages, attorney's fees and costs pursuant to 42 U.S.C. 1988(b) and for such further relief as this Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff, Rosemarie Mohammed, respectfully demands a trial by jury.

Respectfully Submitted,

/s/ Yechezkel Rodal
Yechezkel Rodal, Esq.
Florida Bar No. 91210
E-mail:chezky@rodallaw.com
Kristen D. Montgomery, Esq.
Florida Bar No. 1003495
E-mail: kristen@Rodallaw.com
RODAL LAW, P.A.
5300 N.W. 33rd Ave., Suite 219
Fort Lauderdale, Florida 33309

*Counsel for Plaintiff*

7 | P a g e

**Rodal Law, P.A.**
5300 N.W. 33rd Ave., Suite 219 ● Fort Lauderdale, Florida 33309 ● Telephone (954) 367-5308 ● Facsimile (954) 900-1208
www.Rodallaw.com